UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ANDREW COWHY,

               Petitioner,                    Case No.: 2:26-cv-10701

v.                                     Honorable Susan K. DeClercq
                                     United States District Judge

RICHARD BROKAW,

               Respondent.

_____/

**OPINION AND ORDER GRANTING THE MOTION TO STAY (ECF No. 2), HOLDING IN ABEYANCE THE PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1), AND ADMINISTRATIVELY CLOSING THE CASE**

Michigan prisoner Andrew Cowhy, through counsel, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his convictions for five counts of first-degree criminal sexual conduct (CSC-I) and five counts of second-degree criminal sexual conduct (CSC-II). Cowhy also filed a motion to stay the proceedings and hold the petition in abeyance. As explained below, this Court will grant the motion to stay, order the petition held in abeyance, and administratively close this case.

## I. BACKGROUND

In November 2021, Cowhy was convicted by a jury of five counts of CSC-I and five counts of CSC-II in the St. Clair County Circuit Court.[1] *See* ECF No. 1 at PageID.1. In December 2021, he was sentenced to 25 to 50 years for four of the CSC-I convictions, 18 to 50 years for the other CSC-I conviction, and 10 to 15 years for each CSC-II conviction.  *See People v. Cowhy*, No. 360167, 2023 WL 6771065, at *1 (Mich. Ct. App. Oct. 12, 2023). The Michigan Court of Appeals affirmed his convictions, *id.*, and the Michigan Supreme Court denied Cowhy's application for leave to appeal. *People v. Cowhy*, 9 N.W.3d 524, 524–25 (Mich. 2024). Cowhy's petition for writ of certiorari was denied on March 10, 2025. *Cowhy v. Michigan*, 145 S. Ct. 1330 (2025).

On March 1, 2025, Cowhy filed a petition for writ of habeas corpus, raising claims about the effectiveness of trial and appellate counsel, the constitutionality of his sentence (on multiple grounds), and the alleged violation of the attorney-client privilege. *See* ECF Nos. 1 at PageID.5, 7; 3-3 at PageID.33–35. Cowhy

---

[1] Cowhy initially pleaded guilty to three counts of first-degree child abuse, six counts of CSC-II, three counts of third-degree criminal sexual conduct, and one count of accosting a minor for immoral purposes. *Cowhy*, 2023 WL 6771065 at *1. After sentencing, he unsuccessfully moved to withdraw his guilty plea. *Id.*  On appeal, the Michigan Court of Appeals held that Cowhy was entitled to withdraw his plea because he was convicted of CSC-I under a version of the statute that took effect after the offenses were completed. *Id.* The case was remanded to the trial court where Cowhy elected to proceed to trial. *Id.*

acknowledges that his ineffective assistance of trial and appellate counsel claims are unexhausted because they were not presented on direct review. *See* ECF Nos. 1 at PageID.7; 2 at PageID.16–17. He therefore filed a motion to stay the proceedings and hold the petition in abeyance so that he can return to the state courts to exhaust remedies on his unexhausted claims. *See* ECF No. 2.

## II. LEGAL STANDARD

A state prisoner seeking federal habeas relief must exhaust available state court remedies before raising a claim in federal court. *See* 28 U.S.C. § 2254(b)(1)(A) and (c); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *Winburn v. Nagy*, 956 F.3d 909, 912 (6th Cir. 2020). To satisfy this requirement, the claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims in the state courts. *See Baldwin v. Reese*, 541 U.S. 27, 29–32 (2004). Exhaustion also requires that the petitioner invoke "one complete round" of the state's appellate review process. *O'Sullivan*, 526 U.S. at 845. For a Michigan prisoner, each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court. *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990) (citing *Winegar v. Corr. Dep't*, 435 F. Supp. 285, 289 (W.D. Mich. 1977)). The petitioner bears the burden of proving exhaustion. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

### III. DISCUSSION

Here, Cowhy has filed a mixed petition, that is, a petition containing exhausted and unexhausted claims. *See* ECF Nos. 1; 2. A district court faced with a mixed petition has discretion to:

> (1) dismiss the mixed petition in its entirety, ... (2) stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims, ... (3) permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims, ... or (4) ignore the exhaustion requirement altogether and deny the petition on the merits if none of the petitioner's claims ha[ve] any merit.

*McBride v. Skipper*, 76 F.4th 509, 514 (6th Cir. 2023) (internal quotation marks and citation omitted).

Cowhy asks this Court to elect the second option—to stay the petition and hold it in abeyance while he returns to state court. ECF No. 2 at PageID.17–20. District courts have discretion to stay proceedings pending exhaustion of all claims in state court and hold the petition in abeyance. *Rhines v. Weber*, 544 U.S. 269, 275–78 (2005). Specifically, courts may order a stay and abeyance when outright dismissal of a habeas petition could jeopardize the timeliness of a future petition following exhaustion of state remedies. *Id.* at 275 (approving the stay and abeyance procedure because "if a district court dismisses a mixed petition close to the end of the 1-year period, the petitioner's chances of exhausting his claims in state court and refiling his petition in federal court before the limitations period runs are slim").

Nevertheless, a stay and abeyance is only warranted if there is good cause for failure to exhaust and the unexhausted claims are not "plainly meritless." *Id.* at 277.

Cowhy is correct to be concerned that outright dismissal would jeopardize the timeliness of a future petition because his direct appeal concluded on March 10, 2025, when the Supreme Court denied his petition for certiorari, and the Antiterrorism and Effective Death Penalty Act's limitations period took effect the next day on March 11, 2025. *See* FED. R. CIV. P. 6(a); *see also Miller v. Collins*, 305 F.3d 491, 495 n.5 (6th Cir. 2002) (noting that filing a petition for writ of certiorari in the United States Supreme Court does not toll the statute of limitations for a habeas petition). Indeed, Cowhy filed the present petition on March 1, 2026, ECF No. 1, with only 10 days of the one-year limitations period remaining. Thus, Cowhy satisfies the timeline concern in *Rhines* because dismissal of his petition would impair his ability to file a timely petition after exhausting his state court remedies. *See Rhines*, 544 U.S. at 275.

Cowhy further satisfies the good-cause concern in *Rhines* because his ineffective assistance of appellate counsel claim may constitute good cause for failing to previously exhaust his ineffective assistance of trial counsel claim. *See id.* at 277; *see also Wagner v. Smith*, 581 F.3d 410, 419 n.4, 419–20 (6th Cir. 2009). Cowhy also has good cause for failing to raise his ineffective assistance of appellate counsel claim on direct review because appellate counsel cannot reasonably be

expected to argue his or her own ineffectiveness. *See Guilmette v. Howes*, 624 F.3d 286, 291 (6th Cir. 2010). Cowhy's unexhausted claims do not appear plainly meritless, and nothing in the record suggests that he is attempting to unfairly delay these proceedings. For these reasons, this Court concludes that stay and abeyance is justified in this case and will grant his motion. *See Rhines*, 544 U.S. at 277.

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Id.* at 278. To ensure that Cowhy does not delay in exhausting his state court remedies, this Court will impose time limits within which he must proceed. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). Cowhy must file a motion for relief from judgment in the state trial court within 60 days of the date of this order. Further, he must move to lift the stay within 60 days after exhausting his state court remedies. *See id.* If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed. *See id.*

Finally, while the case is pending resolution in state court, this Court will administratively close the case because this Court anticipates the case will lie dormant for some time while Cowhy pursues his claims at each level of Michigan's criminal justice system. *See Rodriguez v. Hirshberg Acceptance Corp.*, 62 F.4th 270, 274 (6th Cir. 2023) ("Administrative closures are a tool of docket management.

Existing outside the Federal Rules of Civil Procedure, administrative closures primarily serve as a method to shelve pending, but dormant, cases.") (cleaned up). Because an administrative closure has no effect on the disposition of the case, "an administrative closure is not tantamount to a formal dismissal of a case," which is appealable. *Id.*

## IV. CONCLUSION

Accordingly, it is **ORDERED** that Petitioner's Motion to Stay, ECF No. 2, is **GRANTED**. This stay is conditioned upon Petitioner filing a motion for relief from judgment in the state trial court within 60 days of the date of this order, and then, if necessary, seeking timely review in the Michigan Court of Appeals and Michigan Supreme Court in the manner provided under Michigan law. The stay is further conditioned on Petitioner's return to this Court, with a motion to re-open and amend his petition, using the same caption and case number included at the top of this Order, within 60 days of fully exhausting his state court remedies. If Petitioner fails to comply with any of the conditions described in this paragraph, the Court may dismiss his petition. It is further **ORDERED** that the Clerk of the Court shall **CLOSE** this case **for administrative purposes only**. Nothing in this Order or the related docket entry shall be construed as an adjudication of any of Petitioner's claims.

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: April 8, 2026